**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| TROY CONSTRUCTION, LLC,        ) | |
|                   ) | |
|            Plaintiff,     ) | |
|                   ) | |
| v.                   ) | |
|                   ) | |
| ZURICH AMERICAN INSURANCE     ) | |
| and IRONSHORE SPECIALTY         ) | 1:17cv337 |
| INSURANCE COMPANY            ) | |
|                   ) | |
|            Defendants.   ) | |

---

### TROY CONSTRUCTION, LLC's ORIGINAL COMPLAINT

---

PLAINTIFF, TROY CONSTRUCTION, LLC ("Troy") files this Complaint against ZURICH AMERICAN INSURANCE COMPANY ("Zurich") and IRONSHORE SPECIALTY INSURANCE COMPANY ("Ironshore") (collectively "Defendants"). Troy states as follows:

### PARTIES

1.    Troy Construction, LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Harris County, Texas.

2.    Zurich is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1400 American Lane, Tower 1, Floor 18, Schaumburg, Illinois 60196. Zurich may be served through its registered agent, the Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.      Ironshore is an insurance company organized and existing under the laws of the State of Arizona with its principal place of business at 75 Federal Street, Floor 5, Boston, Massachusetts 02110. Ironshore may be served through the Texas Commissioner of Insurance, as Ironshore's agent for service of process, at 333 Guadalupe Street, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this District because a substantial part of the events and acts or omissions giving rise to these claims occurred in this District within the meaning of 28 U.S.C. § 1391.

## THE POLICIES

6.      Zurich issued to Troy CGL policies GLO 4756134-00, effective March 1, 2011, to March 1, 2012, GLO 4756134-01, effective March 1, 2012, to March 1, 2013, and GLO 4756134-02 effective March 1, 2013, to March 1, 2014 (the "primary policies"). The primary policies provide $1,000,000 of coverage per occurrence. Additionally, Zurich issued to Troy commercial umbrella liability policies UMB 5490453 00, effective March 1, 2012, to March 1, 2013, with $25,000,000 of coverage per occurrence in excess of the March 1, 2012-2013 primary policy's limits.

7.      Ironshore issued to Troy commercial umbrella liability policies 000156500, effective March 1, 2010, to March 1, 2011, with $25,000,000 of coverage per occurrence in excess of the March 1, 2010-2011 primary policy's limits, and

000156501, effective March 1, 2011, to March 1, 2012, with $25,000,000 of coverage per occurrence in excess of the March 1, 2011-2012 primary policy's limits (the "Ironshore Policies").

**FACTS GIVING RISE TO CONTROVERSY**

8.     On September 18, 2008, Troy entered into a contract with Enterprise TE Products Pipeline Company LLC f/k/a TE Products Pipelines Company LLC ("Enterprise") to perform installation work on ten pipelines, P108, P109, P110, P111, P112, P113, P114, P115, P308, and P309 (collectively the "Pipelines"), in Port Arthur, Texas.

9.     Pursuant to that contract, Enterprise provided the pipe, including the factory-applied coating to the pipe. Troy was responsible for (a) installing the pipe; (b) coating the welds where the pipe-sections were joined together; (c) inspecting the factory-applied pipe coating for "holidays," which are defects, gouges, gaps, scrapes, and/or cuts in the coating; and (d) repairing any holidays in the factory-applied coating before the Pipelines were buried.

10.     The project was complete on November 12, 2009.

11.     On September 12, 2011, Enterprise discovered a gas leak at a field joint on Pipeline P109. Enterprise notified Troy of the leak on December 9, 2011. Enterprise performed a clean-up of the leaked gasoline and repaired Pipeline P109.

12.     Subsequently, Enterprise inspected the Pipelines and discovered other damage that it alleged needed to be repaired, including more than 100 holidays throughout the Pipelines.

13.     Enterprise filed Cause No. 2013-37649; *Enterprise Products Operating LLC f/k/a Enterprise Products Operating L.P., et al. v. Troy Construction, LLC, et al*; in the District Court of Harris County, Texas; 190th Judicial District (the "underlying lawsuit"), on June 25, 2013, asserting claims of negligence and breach of contract against Troy.

14.     Enterprise alleged that the holidays in the coating were due to Troy's defective work and that because of the presence of these holidays, the pipe coating did not protect the pipe. As a result, Enterprise alleged that its pipe experienced property damage in the form of corrosion.

15.     Enterprise estimated it spent approximately $40,000,000 to repair the property damage to the Pipelines.

16.     The damages sought by Enterprise in the underlying lawsuit were covered under the primary policies issued to Troy, and the filing of the underlying lawsuit triggered a duty to defend for Zurich.

17.     Accordingly, Troy promptly placed Zurich on notice of the claims and sought a defense against Enterprise's claims. Troy likewise gave notice and sought coverage for Enterprise's claims under the excess insurance policies issued to Troy by Zurich and Ironshore (the "excess carriers").

18.     Zurich denied a duty to defend Troy under the primary policies by letter dated February 5, 2014. In that same letter, Zurich notified Troy that in the event that a future settlement or judgment gave rise to a duty to indemnify Troy under the primary policies, Zurich would not honor that contractual obligation. Also in the February 5, 2014 letter, Zurich notified Troy that in the event that a settlement or judgment in

excess of the primary limits gave rise to a duty to indemnify Troy under the Zurich excess policies, Zurich would not honor that contractual obligation.

19.    Ironshore reserved rights to deny coverage under the umbrella policies issued to Troy by letter dated January 30, 2014. On June 11, 2014, Ironshore notified Troy that in the event that a settlement or judgment in excess of the primary limits gave rise to a duty to indemnify Troy under the Ironshore excess policies, Ironshore would not honor that contractual obligation.

20.    Allied World Assurance Company ("AWAC"), Troy's pollution liability carrier, provided Troy with a partial defense in the underlying lawsuit under a reservation of rights pursuant to Troy's pollution liability policy 0305-3617, effective March 1, 2011, to March 1, 2012. The AWAC pollution liability policy provided coverage only for Enterprise's costs related to the September 12, 2011 gasoline leak. It did not cover the costs associated with repairing property damage to the pipe. The damages Enterprise sought as a result of these costs are covered by the Zurich and Ironshore policies.

21.    Despite Zurich's contractual obligations to defend Troy against Enterprise's claim, Zurich failed and continued to refuse to defend Troy.

22.    Because of Zurich's refusal to abide by its contractual obligation with respect to covered property damage to Enterprise's pipe, Troy was forced to provide its own defense and protect its own interests. On September 9, 2016, Troy was able to settle the underlying lawsuit for $35,000,000.00, including a $5,000,000.00 cash payment.

23.    Zurich and Ironshore have continued to refuse to indemnify Troy for this settlement.

## CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated by reference in the following causes of action.

### I.    BREACH OF CONTRACT

24.    Zurich and Ironshore entered into contracts for insurance with Troy.

25.    Troy has complied with all conditions precedent to coverage under the policies.

26.    The terms of the primary policies provide coverage to Troy, but Zurich failed and refused to fulfill its obligations to defend Troy under those policies.

27.    The terms of the primary policies and the Zurich and Ironshore excess policies provide coverage to Troy, but Zurich and Ironshore failed and refused to fulfill their obligations to indemnify Troy under those policies.

28.    The failure of Zurich and Ironshore to fulfill their contractual obligations constitutes a material breach of the insurance contracts, which has caused damage to Troy.

29.    As a result of Zurich breaching its obligations under the primary policies, Troy is entitled to recover from Zurich all of its damages flowing from that breach, including Troy's considerable costs incurred in managing and defending against Enterprise's claims against Troy, the amount of the settlement payment to Enterprise, and Troy's attorneys' fees and costs incurred in this action.

30.    As a result of Zurich and Ironshore breaching their obligations under the excess policies, Troy is entitled to recover from them all of its damages, including the

amount of the settlement payment to Enterprise, and Troy's attorneys' fees and costs incurred in this action.

## II.   <u>UNFAIR CLAIMS SETTLEMENT PRACTICES</u>

31.     Zurich and Ironshore violated § 541.060 of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

32.     Zurich and Ironshore also violated § 541.060 of the Texas Insurance Code by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the underlying lawsuit, in which liability had become reasonably clear.

33.     As a result of Zurich and Ironshore's deceptive acts and practices as set out in paragraphs 33 and 34, Troy has suffered actual damages in an amount not less than $35,000,000.00.

34.     Zurich and Ironshore's acts and practices set out in paragraphs 33 and 34 were knowingly committed, and as a result, Troy seeks trebled damages under § 541.52(b) of the Texas Insurance Code.

## III.   <u>VIOLATION OF PROMPT PAYMENT OF CLAIMS ACT</u>

35.     Zurich violated § 542.058 of the Texas Insurance Code by failing to promptly pay Troy's defense costs associated with Enterprise's claims against Troy, for which Troy seeks recovery of the statutory penalties set forth in Chapter 542 of the Texas Insurance Code.

## IV.   <u>ATTORNEY'S FEES</u>

36.     Troy retained the services of the law firm of Cokinos | Young and has agreed to pay Cokinos | Young a reasonable fee for its services necessarily rendered and

to be rendered in this action. Pursuant to §§ 38.051, *et seq*. of the Tex. Civ. Prac. & Rem. Code (Breach of Contract), § 541.152 of the Texas Insurance Code (Unfair Claims Settlement Practices), and § 542.060 of the Texas Insurance Code (Prompt Payment of Claims) Troy is entitled to an award of its reasonable fees in an amount to be established at trial.

## **PRAYER**

WHEREFORE, Troy respectfully prays that this Court enter a judgment against Defendants finding the following:

(1)   That the Defendants breached their respective insurance contracts with Troy and that Troy is entitled to its damages as a result of these breaches of contract;

(2)   That Troy is entitled to recover statutory damages, including treble damages under Chapter 541 of the Texas Insurance Code, as well as damages under Chapter 542 of the Texas Insurance Code;

(3)   That Troy is entitled to cover its costs, expenses, and attorney's fees incurred in pursuing this action for coverage;

(4)   Pre-judgment and post-judgment interest as allowed by law; and

(5)   Such other and further relief to which Troy is justly entitled, in law or in equity.

Respectfully submitted,

COKINOS | YOUNG

By:      /s/ Gregory M. Cokinos
            Gregory M. Cokinos
            gcokinos@cokinoslaw.com
            State Bar No. 04527250
            John L. Grayson
            jgrayson@cokinoslaw.com
            State Bar No. 08341500
            Four Houston Center
            1221 Lamar St., 16th Floor
            Houston, TX  77010
            Telephone:   (713) 535-5573
            Facsimile:     (713) 535-5533

            Patrick J. Wielinski
            State Bar No. 21432450
            pwielinski@cokinoslaw.com
            Travis M. Brown
            State Bar No. 24061890
            tbrown@cokinoslaw.com
            800 Crestview Tower
            105 Decker Court
            Irving, TX  75062
            Telephone:   (817) 635-3620
            Facsimile:     (817) 635-3633

            ATTORNEYS FOR PLAINTIFF
            TROY CONSTRUCTION, LLC